# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | NO. 2:10CR158 PPS |
|  | ) |  |
| JUAN C. RAMIREZ-FUENTES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

At the end of a three-day trial, the jury returned a verdict finding defendant Juan Ramirez-Fuentes guilty of the charges of possession with intent to distribute methamphetamine and possession of a firearm in furtherance of that drug trafficking crime. Now before me is Ramirez-Fuentes' motion for a judgment of acquittal under Fed.R.Crim.P. 29 and motion for a new trial under Fed.R.Crim.P. 33.

The standard for reversal of the jury's verdict under Rule 29 is high. That is especially so when the defendant challenges the sufficiency of the evidence, which the Seventh Circuit has said is a "nearly insurmountable hurdle." *United States v. Morris*, 576 F.3d 661, 666 (7th Cir. 2009) (internal quotes and citations omitted). Such a motion may be granted only where the record is devoid of evidence from which a rational jury could find that the defendant is guilty beyond a reasonable doubt. *United States v. Blanchard*, 542 F.3d 1133, 1154 (7th Cir. 2008). Review under this standard requires the court to view the evidence in the light most favorable to the government, leaving to the jury issues as to the credibility of witnesses, conflicts in the

evidence, and the drawing of reasonable inferences. *Id.*; *United States v. Brown*, 328 F.3d 352, 355 (7th Cir. 2003); *United States v. Reed*, 875 F.2d 107, 111 (7th Cir. 1989).

Rule 33 authorizes the court to grant a new trial "if the interest of justice so requires." A motion for new trial under Rule 33 requires the court "to determine whether the verdict is so contrary to the weight of evidence that a new trial is required in the interests of justice." *United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011). Courts "approach such motions with great caution and are wary of second-guessing the determinations of both judge and jury." *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005), quoting *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993).

### 1. Evidence Corroborating the Confession

Ramirez first contends that the evidence was insufficient to support the jury's verdict. More particularly, the defense argues that the government presented no "testimony, direct or circumstantial, establishing that Mr. Ramirez ever possessed or intended to deliver methamphetamines." DE 94, p.2. This assertion simply fails to take into account Ramirez's written statement that was introduced into evidence as Government Exhibit 9. Written in English and bearing what purports to be Ramirez's signature on each page, the statement in effect confesses that Ramirez received from a friend, Luis, a bag he agreed to hide for a few days (for a payment of $500) until Luis could find someone to take it off his hands, and which Ramirez learned contained four or six pounds of crystal methamphetamine.

Citing *United States v. Dalhouse*, 534 F.3d 803 (7th Cir. 2008), Ramirez argues that a confession alone is insufficient evidence unless it is corroborated by other evidence. According

to Ramirez, the officers' testimony concerning the items found in their searches does not satisfy this corroboration requirement because, even if the testimony corroborates the *content* of the confession, the testimony is not corroboration of the *authenticity* of the confession itself. But Ramirez cites no authority requiring that species of corroboration, and *Dalhouse*, the only case cited by Ramirez on the confession issue, does not support it. Instead, *Dalhouse* provides that corroboration is "accomplished by presenting evidence that a few of [the confession's] key assertions are true, which is sufficient to show that the statement as a whole is trustworthy." *Id*. at 806.

As applied in *Dalhouse* and other cases, this means independent evidence supporting some of the factual content of the defendant's statement, not corroboration of the statement's authenticity. *See, e.g. Dalhouse*, 534 F.3d at 807; *United States v. Fujii*, 301 F.3d 535, 541 (7th Cir. 2002); *United States v. Jackson*, 103 F.3d 561, 568 (7th Cir. 1996). Where this requirement is met, the confession as a whole is admissible, and some essential elements of the charge may be proved by the confession alone. *Fujii*, 301 F.3d at 541. The testimony of police officers on the scene provides ample corroboration of many particulars of the defendant's statement, including the guns, scales and cash found in Ramirez's residence, and the crystal meth found stored in his brother Jaime's residence along with two handguns Ramirez admitted placing there with the drugs.

Ramirez's claim of asserted discrepancies between his statement and other evidence at trial – concerning whether the methamphetamine was "hidden" when it was found at Jaime's residence and whether or not Jaime knew about the drugs and guns – do not rebut the corroborative value of the government's other evidence. First, these may not be inconsistencies

at all.  What was initially hidden by Juan may not have remained so, and Ramirez may have subsequently discovered facts that Juan did not initially share.  At bottom, these are minor points at best and they do not impact upon the tendency of the confession to establish essential elements of Ramirez's guilt.  In any event, post-verdict motions do not authorize me to resolve evidentiary conflicts, which is the exclusive province of the jury.  *Reed*, 875 F.2d at 111, quoting *United States v. Marquardt*, 786 F.2d 771, 780 (7th Cir. 1986).

Both at trial and in the motion now before me, Ramirez specifically asserts that the confession was fabricated.  But on the issues of the genuineness of the confession and the authenticity of Ramirez's signature on the statement, the jury was presented with ample evidence with which to evaluate defendant's challenge.  Agent Zuder testified that he saw Ramirez sign each page as it was read back to him in Spanish by Investigator Reyna.  In addition, defendant's signature as it appears on two documents he signed in the presence of the United States Pretrial Officer who testified at trial concerning those documents, as well as his signature on two stipulations of fact signed and adduced at trial, constitute a basis for a reasonable jury's determination that the signature appearing on each page of Ramirez's incriminating statement is genuine.

## 2. Credibility of Testifying Officers

Ramirez's motion asserts in a conclusory fashion that the testimony of all the officers was impeached and that their testimony should not have been given any weight.  DE 94, p. 4. On a motion for judgment of acquittal, the court "neither reweigh[s] the evidence nor second-guess[es] the jury's credibility determinations."  *United States v. Tavarez*, 626 F.3d 902, 906 (7th

Cir. 2010). I must defer to the jury's credibility determinations unless exceptional circumstances exist; that usually means that it had to be "physically impossible" for the witness to have observed what he claims to have seen. *United States v. Johnson*, 437 F.3d 665, 675 (7th Cir. 2006). Put another way, the testimony has to be "so improbable on its face that no reasonable factfinder could accept it." *United States v. Yusufu*, 63 F.3d 505, 5088-09 (7th Cir. 1995). There is no reason to disregard the officers' testimony in this case. There was nothing about it that was incredible on its face. And so it was perfectly permissible for the jury to have accepted the testimony.

### 3. 404(b) Evidence

Finally, Ramirez reiterates his previous challenge based on Fed.R.Crim.P. 404(b) to the admission of that portion of his signed statement acknowledging that he had engaged in a prior drug transaction involving "Luis." The statement indicated that approximately a month before, Ramirez had been paid $500 to deliver a bag containing a kilogram of cocaine to a house in Chicago and there pick up a large quantity of cash to return to Luis. My analysis of the admissibility of this evidence under the four-part test for 404(b) evidence is set out in some detail in my Opinion and Order of October 13, 2011 [DE 92, pp. 2-4] and need not be repeated here.

To the extent that Ramirez now attacks the same evidence on the ground that it derives from an uncorroborated confession, I also find the argument unpersuasive. The specifics of this particular portion of Ramirez's statement do not have to be supported by independent evidence under the corroboration rule. As indicated above, the corroboration rule is satisfied where **some**

5

of the factual content of the defendant's statement is also supported by other evidence. *Dalhouse*, 534 F.3d at 807. And where this is so, the confession **as a whole** is admissible. *Fujii*, 301 F.3d at 541.

## Conclusion

Because I conclude that the jury could reasonably reach its guilty verdict on the basis of the evidence properly admitted at trial, the amended motion for new trial or judgment of acquittal [DE 94] is denied.

SO ORDERED.

ENTERED: January 6, 2012.

s/ Philip P. Simon<br>
PHILIP P. SIMON, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT